## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY G. PHILPOT,** | § | |
| | § | |
| *Plaintiff* | § | **CIVIL ACTION NO. 18-9087** |
| | § | |
| **versus** | § | |
| | § | |
| **NEW ORLEANS TOURISM** | § | |
| **MARKETING CORPORATION,** | § | |
| | § | |
| *Defendant* | § | |

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Larry G. Philpot ("Philpot" or "Plaintiff"), through undersigned counsel, who respectfully wishes to file this this Original Complaint and Jury Demand against Defendant, New Orleans Tourism Marketing Corporation ("New Orleans Tourism Marketing" or "Defendant"), as follows:

### I.

### PRELIMINARY STATEMENT

Photographers create pieces that extend well beyond the four corners of the photograph to evoke sentiments within the viewer so that the viewer is a part of the moment captured in time. For concert photographers, the odds are almost always against them—the musicians are constantly moving, the lighting is usually dark and typically changing, and it is practically impossible to secure a good vantage point. But every now and then, a photographer is able to get a great shot, the kind of iconic shot that does exactly what photographs are supposed to do, make the viewer a part of that very moment in time.

Larry Philpot, an experienced freelance photographer, created an iconic photograph of Willie Nelson, capturing a moment in time with the artist amidst the turbulence of a music concert.

This photograph is the type of awe-inspiring work that can make a successful photography career. Philpot offered the photograph under a Creative Commons license, permitting members of the public to use the photos provided that the photos are properly attributed to Philpot.

Defendant New Orleans Tourism Marketing copied and posted Philpot's photograph of Willie Nelson onto its website as its own, thereby infringing on Philpot's copyrighted work.  In freelance photography, the reputation and licensing revenue guarded by copyright law are a photographer's sole means to support their career.  New Orleans Tourism Marketing stole both of those from Philpot.  Larry Philpot brings this action to protect not just his rights under copyright law, but also his livelihood as a photographer.

## II.

## PARTIES

### A.  Plaintiff

1.      Plaintiff Larry G. Philpot is a citizen and resident of the State of Indiana.  Philpot is a renowned freelance photographer who specializes in photographing concerts and musical performances across the United States.

### B.  Defendant

2.      Defendant New Orleans Tourism Marketing Corporation is a Louisiana corporation with its principal place of business in Louisiana that may be served via its registered agent, Mark C. Romig, at 2020 St. Charles Avenue, New Orleans, Louisiana 70130 or wherever he may be found.

## III.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this civil action presents a federal question as Plaintiff presents a civil claim arising under the Constitution, laws, or treaties of the United States.

4.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this civil action arises under an Act of Congress relating to copyrights, namely the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

5.     This Court has personal jurisdiction over New Orleans Tourism Marketing Corporation because it is a Louisiana corporation and because its principal place of business is in the State of Louisiana.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant New Orleans Tourism Marketing Corporation resides and may be found in this District.

## IV.

## FACTUAL BACKGROUND

### A.  The Highly Competitive World of Freelance Concert Photography

7.     To say that concert photography is a tough business is a severe understatement. Before having the opportunity to even take a photo, concert photographers must invest in expensive equipment and negotiate to obtain access to the concert stage.  At the concert, they must battle all the variables that arise from an uncontrolled setting—a rowdy crowd, horrible lighting that is always changing, and musicians constantly moving.  Not to mention, it is really loud.  As a result, despite all of their efforts and hard work, concert photographers often take photographs that are entirely unusable, where the rock stars appear as blurs and washy blobs.

8.      Financially, it can be difficult to maintain a steady income stream from concert photography.  Freelance concert photographers only earn money when they license or sell their work product.  If the photographs are unusable, which is often the case, or simply aren't good, then the photographers do not receive any type of payment.

9.      And, in today's technological age where anyone with a smart phone can take pictures at concerts, concert photography is becoming significantly more competitive, making it even more imperative to capture *the* perfect shot.  Because that is all that there is demand for—a few once-in-a-lifetime shots for each star.  It doesn't matter if a concert photographer takes 100 good shots of a star at a concert—an article about Willie Nelson, for example, only needs one picture of Willie Nelson—*the best one*.

10.     In such a competitive environment, it is essential that concert photographers receive the compensation and credit to which they are entitled, but also need to advance their career.

**B.  <u>Larry Philpot: A Professional Concert Photographer</u>**

11.     Larry Philpot is a renowned freelance photographer who specializes in taking photographs of musicians at concerts and other performances.  Philpot has invested tens of thousands of dollars in equipment and has spent years perfecting his craft.  He has established a strong reputation for himself and his work, and due to his professional reputation, he often obtains privileged access to take photographs of musical performers at concerts.

12.     Philpot's reputation as a premier photographer is critical to his business.  The more his photographs are viewed with proper attribution provided to him, the more access he can obtain to take celebrity photographs, and the more he can command in licensing fees.

13.     Philpot regularly licenses his photographs to end customers, including Rolling Stone—it is how he earns his living and expands his business.  Philpot has also licensed his photographs to premier musicians, including KISS, John Mellencamp, and Kid Rock.

**C.  Philpot Creates the Willie Nelson Photograph**

14.     On October 4, 2009, Philpot created a photograph of Willie Nelson in St. Louis, Missouri (the "Willie Nelson Photo").  A true and correct copy of the Willie Nelson Photo is attached as Exhibit A.

15.     The Willie Nelson Photo is an original work that Philpot registered with the United States Copyright Office as part of a collection of photographs on September 5, 2012.  The Willie Nelson Photo is registered with the United States Copyright Office under Certificate Number VAu 1-132-411.  A copy of the copyright registration certificate for the Willie Nelson Photo is attached as Exhibit B.

16.     As the owner of the copyright in the Willie Nelson Photo, Philpot has the exclusive rights to (1) reproduce the Willie Nelson Photo in copies, (2) prepare derivative works based on the Willie Nelson Photo, (3) distribute copies of the Willie Nelson Photo to the public by sale or other transfer of ownership, or by rental, lease, or lending, and (4) display the Willie Nelson Photo publicly.

17.     Philpot first displayed the Willie Nelson Photo on the Internet on May 31, 2011. The original full-sized photo can be found at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009.jpg.  A cropped version of this photo can be found at https://commons.wikimedia.org/wiki/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg. Copies of these webpages with the Willie Nelson Photo is attached as Exhibit C.

18.     The Willie Nelson Photo has become one of the most widely-viewed pictures of Willie Nelson.

**D.  The Creative Commons License**

19.     A Creative Commons license is a simple, standardized copyright license that anyone can use to license their work.  The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license.

20.     In an effort to market his freelance photography practice, Philpot offered the Willie Nelson Photo through Wikimedia for distribution, public display, and public digital performance under a Creative Commons Attribution 2.0 Generic license (abbreviated as "CC BY 2.0").  A copy of the CC BY 2.0 license is attached as Exhibit D.

21.     This license allows anyone to use the work, provided that they, among other requirements:

        a.   Include a copy of the Uniform Resource Identifier for the CC BY 2.0;

        b.   Provide attribution to the author of the work; and

        c.   Provide the Uniform Resource Identifier that the licensor specifies to be included with the work.

**E.  Restrictions on the Willie Nelson Photo**

22.     At the Wikimedia website, Larry Philpot provided the following description for the Willie Nelson Photo, "English: Willie Nelson getting ready to perform. Farm Aid 2009. Photo by Larry Philpot, www.soundstagephotography.com."   Philpot also provided the following requirement for the Willie Nelson Photo: "You must attribute the work in the manner specified by the author or licensor (but not in any way that suggests that they endorse you or your use of the work)."

23.     Additionally, the Willie Nelson Photo contains specific metadata identifying Larry Philpot as the creator and that the work is copyrighted:



**F.  New Orleans Tourism Marketing Infringes Philpot's Copyright in the Willie Nelson Photo.**

24.  At all relevant times, New Orleans Tourism Marketing owned and operated the website located at www.gonola.com.

25.  New Orleans Tourism Marketing used and uses the website at www.gonola.com for financial gain by selling advertising to third parties.

26.  The website located at www.gonola.com contained and contains the following notation, "2018© GoNOLA.com, New Orleans Tourism Marketing Corporation. All Rights Reserved" on each page of the website.

27.  New Orleans Tourism Marketing infringed Philpot's copyright in the Willie Nelson Photo by publishing, copying, and displaying the Willie Nelson Photo on the www.gonola.com website at http://gonola.com/2014/03/05/gonola-recommends-5-things-to-do-in-new-orleans-this-weekend-146.html                                    and http://i0.wp.com/www.gonola.com/images/Willie_Nelson_at_Farm_Aid_2009-250x300.jpg?resize=250%2C300.  A copy of these webpages as these appeared with the Willie Nelson Photo is attached as Exhibit E.

28.  New Orleans Tourism Marketing did not provide attribution to Philpot when it published the Willie Nelson Photo.

29.  New Orleans Tourism Marketing did not list or link to Philpot's website, soundstagephotography.com when it published the Willie Nelson Photo.

30.  Philpot discovered these infringements on October 1, 2015.

31.  Additionally, New Orleans Tourism Marketing removed and altered the copyright management information in the metadata of the Willie Nelson Photo that identified Larry Philpot as the creator and that the image is copyrighted.  Specifically, New Orleans Tourism Marketing:

a.  Removed the title "Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg" from the metadata of the Willie Nelson Photo;

b.  Removed the name of the creator, "Larry Philpot," from the metadata of the Willie Nelson Photo;

c.  Removed the date of creation, "10/4/2009, 11:34:26 PM," from the metadata of the Willie Nelson Photo;

d.  Removed the copyright notice, "Copyright 2012," from the metadata of the Willie Nelson Photo; and

e.  Removed the copyright status, "Copyrighted," from the metadata of the Willie Nelson Photo.

## G.  **The Damage Done**

32.     New Orleans Tourism Marketing passed off Philpot's Willie Nelson Photo as its own, ignoring Philpot's primary requirement under the Creative Commons license to allow New Orleans Tourism Marketing to use his copyrighted work—the credit.  Philpot has been deprived of the credit for taking the exceptional Willie Nelson Photo.

33.     Additionally, New Orleans Tourism Marketing removed and altered the metadata from the Willie Nelson Photo, thereby creating the impression that the Willie Nelson Photo is in the public domain and exposing it to further copying by third parties without any notice that the image is copyrighted by Philpot.

**V.**

**CLAIMS**

## A.  **Count One: Copyright Infringement**

34.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

35.     Defendant operate and operated the website located at www.gonola.com.

36.     Defendant published, copied, and displayed the Willie Nelson Photo at http://gonola.com/2014/03/05/gonola-recommends-5-things-to-do-in-new-orleans-this-weekend-146.html.

37.     Defendant published, copied, and displayed the Willie Nelson Photo at http://i0.wp.com/www.gonola.com/images/Willie_Nelson_at_Farm_Aid_2009-250x300.jpg?resize=250%2C300.

38.     Defendant's acts are and were performed without the permission, license, or consent of Plaintiff.

39.     Defendant acted with willful disregard of the laws protecting Plaintiff's copyrights.

40.     Defendant infringed Plaintiff's copyrights in the Willie Nelson Photo in violation of 17 U.S.C. § 501.

41.     Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable, including but not limited to damage to his business reputation and goodwill.

42.     Plaintiff is informed and believes and thereon alleges that the Defendant has obtained profits recoverable under 17 U.S.C. § 504.  Plaintiff will require an accounting from the Defendant of all monies generated from the Willie Nelson Photo.

43.     In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for each work willfully infringed by Defendant in an amount of $150,000 per work infringed.

44.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts.  Accordingly, Plaintiff seeks permanent injunctive relief pursuant to 17 U.S.C. § 502, as well as seizure of the Willie Nelson Photo.

45.     Plaintiff is entitled to recover from the Defendant his attorney's fees and costs of suit, pursuant to 17 U.S.C. § 505.

**B.  Count Two: Removal of Copyright Management Information**

46.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as if set forth in full herein.

47.     Defendant, without Plaintiff's knowledge, permission, or authorization, intentionally removed and/or altered copyright management information for the Willie Nelson Photo by removing the metadata for the Willie Nelson Photo that contained Plaintiff's copyright management information, in violation of 17 U.S.C. § 1202(b)(1).

48.     Defendant, without Plaintiff's knowledge, permission, or authorization distributed the altered copyright management information for the Willie Nelson Photo knowing that the copyright management information had been removed or altered without the authority of Plaintiff or the law, in violation of 17 U.S.C. § 1202(b)(2).

49.     Defendant, without Plaintiff's knowledge, permission, or authorization distributed the Willie Nelson Photo knowing that copyright management information had been removed or altered without the authority of Plaintiff or the law, knowing or having reasonable grounds to know that such acts will induce, enable, facilitate, or conceal an infringement of copyright, in violation of 17 U.S.C. § 1202(b)(3).

50.     Defendant's removal or alteration of copyright management information from the Willie Nelson Photo was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under Copyright Law, and in disregard of those rights.

51.     Plaintiff is entitled under 17 U.S.C. § 1203(b)(1) to the entry of permanent injunctive relief to prevent or restrain Defendant from removing Plaintiff's copyright management information or distributing Plaintiff's copyrighted works knowing that such copyrighted information has been unlawfully removed or altered.

52.     Plaintiff is entitled to the impoundment of any and all devices or products that is in the control or custody of Defendant that was involved in the removal, alteration, or the display of altered copyright management information for the Willie Nelson Photo pursuant to 17 U.S.C. § 1203(b)(2).

53.     Plaintiff is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendant attributable to the violation and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 1203(c).

54.     Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 17 U.S.C. § 1203(b)(4) and (5).

## VI.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendant as follows:

1. Pursuant to 17 U.S.C. § 502, that Defendant, its agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, but not limited to

reproducing, distributing, displaying, performing or making derivatives of any of the Willie Nelson Photo;

2.   Pursuant to 17 U.S.C. § 1203(b)(1), that Defendant, its agents, servants, employees, representatives, successors and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendant, be permanently enjoined from directly or indirectly removing or altering Plaintiff's copyright management information from any work and from distributing any of Plaintiff's works with removed or altered copyright management information;

3.   Pursuant to 17 U.S.C. § 503, that Defendant be ordered to:

   a.   Retrieve, to the extent possible, all copies of the Willie Nelson Photo;

   b.   Inform all recipients of the Willie Nelson Photo of Plaintiff's ownership;

   c.   Inform all recipients of the Willie Nelson Photo that Defendant was not authorized to reproduce, distribute, display, perform, or make derivatives of the Willie Nelson Photo;

4.   Pursuant to 17 U.S.C. § 1203(b)(2), that any and all devices or products that is in the control or custody of Defendant that was involved in the removal, alteration, or the display of altered copyright management information for the Willie Nelson Photo be impounded;

5.   Pursuant to 17 U.S.C. § 504, that Defendant be required to pay actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement;

6.   That Defendant be required to perform a complete and full accounting of all profits generated by Defendant from the Willie Nelson Photo;

7.   Pursuant to 17 U.S.C. § 504, that upon Plaintiff's election, Defendant be required to pay statutory damages up to $150,000 for each work infringed for its acts of copyright infringement, and in the event the factfinder determines that Defendant's infringement was not

willful, that Defendant be required to pay statutory damages up to $30,000 for each work infringed

for its acts of copyright infringement;

8.   Pursuant to 17 U.S.C. § 1203(c), that Defendant be required to pay actual damages and

disgorgement of all profits derived by Defendant from its acts of removing and altering Plaintiff's

copyright management information in the Willie Nelson Photo;

9.   Pursuant to 17 U.S.C. § 1203(c), that upon Plaintiff's election, Defendant be required

to pay statutory damages up to $25,000 for each act of removing and altering Plaintiff's copyright

management information in the Willie Nelson Photo;

10. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (5), Defendant be required to pay

Plaintiff the costs of this action, prejudgment interest, and reasonable attorney's fees; and

11. Plaintiff be granted all other and further relief to which he is entitled.

Dated: October 1, 2018

**Respectfully Submitted:**

/s/ Sarah M. Kalis
Galen M. Hair, La. Bar No. 32865, TA
Sarah M. Kalis, La. Bar No. 37186
**SCOTT VICKNAIR HAIR & CHECKI, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
Tel: (504) 684-5200
Fax: (504) 613-6351
Email: hair@svhclaw.com

***Attorneys for Plaintiff***