UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY G. PHILPOT | CIVIL ACTION |
| VERSUS | No. 18-9087 |
| NEW ORLEANS TOURISM MARKETING CORPORATION | SECTION I |

### ORDER & REASONS

Before the Court is defendant New Orleans Tourism Marketing Corporation's ("NOTMC") motion[1] to dismiss plaintiff Larry Philpot's ("Philpot") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is denied.

### I.

Accepting the facts in Philpot's complaint as true, they are as follows: Philpot is a freelance photographer who specializes in taking photographs of musicians during live performances.[2] He earns his living by licensing his photographs to others.[3] On October 4, 2009, Philpot took a photograph of Willie Nelson performing in St. Louis.[4] On September 5, 2012, he registered the photograph with the United States copyright office as part of a collection of photographs.[5]

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 1, at 4.
[3] *Id.*
[4] *Id.* at 5.
[5] *Id.* Attached to the complaint is a copy of the copyright registration certificate. *Id.* at 5; R. Doc. No. 1-2.

Philpot first displayed the Willie Nelson photograph (the "photograph") on the internet on May 31, 2011.[6] He offered the photograph through a website called Wikimedia "for distribution, public display, and public digital performance under a Creative Commons Attribution 2.0 Generic license."[7] The license provides that anyone may use the photograph provided they follow certain parameters, including attributing the photograph to its creator.[8] On Wikimedia, Philpot provided a description for the photograph that included his name and website. He also specified, "You must attribute the work in the manner specified by the author or licensor (but not in any way that suggests that they endorse you or your use of the work)."[9] Additionally, the photograph contains metadata that both identifies Philpot as the creator of the photograph and indicates that the photograph is copyrighted.[10]

On an unspecified date, NOTMC posted the photograph on a website that it owns and operates.[11] According to Philpot, although NOTMC displayed his photograph, the photograph was not attributed to him in accordance with the terms of the Creative Commons license.[12] Philpot alleges that, as a result, NOTMC infringed his copyright pursuant to 17 U.S.C. § 501 by "publishing, copying, and

---

[6] R. Doc. No. 1, at 5.
[7] *Id.* at 6. The complaint describes a Creative Commons license as "a simple, standardized copyright license that anyone can use to license their work. The copyright holder designates their work as governed by a Creative Commons license, and anyone may use the work provided they adhere to the terms of the license." *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 8. The complaint includes attached a copy of the webpages where the photograph was displayed. *Id.* at 8; R. Doc. No. 1-5.
[12] R. Doc. No. 1, at 8.

2

displaying the [photograph]."[13] He alleges that he did not discover the infringements until October 1, 2015.[14] Philpot also contends that NOTMC violated 17 U.S.C. § 1202 by allegedly improperly removing and altering the copyright information in the photograph's metadata.[15]

**II.**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547)).

A facially plausible claim is one in which "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

The Court will generally not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Hicks v. Lingle*, 370 F.

---

[13] *Id*. at 8, 10
[14] *Id*.
[15] *Id*. at 8–9, 11.

3

App'x 497, 498 (5th Cir. 2010); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, however, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).[16]

---

[16] NOTMC submitted two exhibits to its motion to dismiss—a PACER listing of search results for cases to which Philpot is a party and a deposition transcript.[16] "On a Rule 12(b)(6) motion, a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Id.* Beyond this limited exception, "if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Fed. R. Civ. P. 12(b)).

Neither of the two attachments are referred to in Philpot's complaint. The Court declines to convert the motion to dismiss into a motion for summary judgment, and it will not consider the attachments.

NOTMC asserts that the Court may nonetheless take judicial notice of the deposition testimony. R. Doc. No. 8-1, at 6; R. Doc. No. 14, at 3. When deciding a Rule 12(b)(6) motion to dismiss, "the court may consider . . . matters of which judicial notice may be taken." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 379 (5th Cir. 1996) "The court may judicially notice a fact that is not subject to dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

According to NOTMC, because the statements in the deposition transcript were made by Philpot, he cannot reasonably dispute them. R. Doc. No. 14, at 3. The Court rejects this argument. Although the Court could take judicial notice of the existence of the deposition testimony, courts have consistently held that statements contained in

4

**III.**

NOTMC moves for the dismissal of Philpot's complaint, contending (1) that both of Philpot's claims are time-barred and (2) that the complaint fails to state a claim for relief for copyright infringement because Philpot does not hold a valid copyright registration for the photograph.

**A.**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). It is not evident from Philpot's complaint that his action is time-barred. To the contrary, based solely on the face of the complaint, Philpot's claims are timely.

The parties do not dispute the relevant statute of limitations. Pursuant to the Copyright Act, both of Philpot's claims are subject to a three-year statute of limitations. 17 U.S.C. § 507(b) ("No civil action shall be maintained under the

---

testimony from other judicial proceedings cannot simply be noticed as true. *See Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 632 (3d Cir. 2018) ("Under the Rule 12(b)(6) standard, courts also may consider deposition testimony, but only for the existence of the testimony—not for the truth of the facts asserted therein."); *In re Omnicare, Inc. Secs. Litigation*, 769 F.3d 455, 468 (6th Cir. 2014) ("Importantly, 'a court cannot notice pleadings or testimony as true simply because these statements are filed with the court.'") (citation omitted); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'") (citation omitted); *see also Presby Constr., Inc. v. Clavet*, No. 00-457, 2001 WL 951375, at *1 (D.N.H. Aug. 9, 2001) (denying the defendants' request to take judicial notice of the plaintiff's testimony in a previous proceeding, explaining that the "request . . . is beyond the scope of judicial notice because it seeks notice of the truth of the statements, not just the fact that the statements were made").

provisions of this title unless it is commenced within three years after the claim accrued."). The Fifth Circuit applies the discovery rule to copyright actions; therefore, under the Copyright Act, "a . . . claim accrues 'when [the party] knew or had reason to know of the injury upon which the claim was based.'" *Jordan v. Sony BMG Music Entm't*, 354 F. App'x 942, 945 (5th Cir. 2009) (quoting *Pritchett v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006)); *see also Groden v. Allen*, 279 F. App'x 290, 294 (5th Cir. 2008).[17] Philpot alleges that he discovered the copyright infringements on October 1, 2015, and he filed this lawsuit on October 1, 2018—exactly three years later. NOTMC argues that the United States Supreme Court's decision in *Petrella v. MGM*, 572 U.S. 663 (2014), calls into question the applicability of the discovery rule in copyright actions.[18]

In *Petrella*, the Supreme Court held that the equitable doctrine of laches ("unreasonable, prejudicial delay in commencing suit") could not bar a copyright infringement claim under the Copyright Act. *Petrella*, 572 U.S. at 667, 679. However, the Court explicitly passed on the question of whether the discovery rule may nevertheless be invoked in a copyright action.[19]

---

[17] The discovery rule delays accrual until a plaintiff has "discovered" his cause of action. *Gabelli v. Sec. & Exch. Comm'n*, 568 U.S. 442, 449 (2013).
[18] R. Doc. No. 8-1, at 3.
[19] Indeed, three years later, the Supreme Court explained, "[S]ome claims are subject to a 'discovery rule'" and that, "in *Petrella*, we specifically noted that 'we have not passed on the question' whether the Copyright Act's statute of limitations is governed by such a rule." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 136 S. Ct. 954, 962 (2017).

6

Without further guidance, this Court will apply the discovery rule in accordance with Fifth Circuit precedent. *See, e.g., Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 305 F. Supp. 3d 788, 792–93 (N.D. Ohio 2018); *Energy Intelligence Grp., Inc. v. CHS McPherson Refinery, Inc.*, 300 F. Supp. 3d 1356, 1366 (D. Kan. 2018); *Mitchell v. Capitol Records, LLC*, 287 F. Supp. 3d 673, 678 (W.D. Ky. 2017); *Design Basics LLC v. J & V Roberts Invs., Inc.*, 140 F. Supp. 3d 1266, 1282–82 (E.D. Wis. 2015). The Court also notes that, although the Fifth Circuit has not directly addressed *Petrella*'s effect on the use of the discovery rule in copyright actions, it has discussed and applied the rule since *Petrella* was decided. *See, e.g., Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 & n.5 (5th Cir. 2014) (summarizing the discovery rule as the "proper inquiry" to determine when a claim has accrued under the Copyright Act); *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 264 (5th Cir. 2014) (explicitly noting that the discovery rule applies to copyright infringement claims).

NOTMC also argues that, even if the rule applies, Philpot has not alleged any reason why he could not have discovered the alleged infringements sooner.[20] But under the federal pleading standards, "a plaintiff typically is not required to plead, in the complaint, facts that negate an affirmative defense." *Jaso v. Coca Cola Co.*, 435 F. App'x 346, 352 (5th Cir. 2011). While discovery may reveal information that forms the basis for summary judgment on the issue of the timeliness of Philpot's claims, the Court has before it a motion to dismiss. A statute of limitations defense only supports

---

[20] R. Doc. No. 8-1, at 5.

dismissal at this stage of the litigation if the plaintiff's claims are clearly time-barred based on a review of the pleadings.[21]

Philpot alleges that he discovered the infringements on October 1, 2015. Pursuant to the Rule 12(b)(6) standard, and for the purposes of resolving the present motion, the Court accepts that fact as true. Consequently, the complaint is sufficient to survive a Rule 12(b)(6) challenge based on a statute of limitations defense. *See EPCO Carbon Dioxide Prods., Inc.*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint."); *Federal Deposit Ins. Corp. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993) ("[R]aising the limitations defense in a motion to dismiss may easily be premature because facts tolling the running of the statute do not necessarily appear in the complaint.") (citation omitted).[22]

**B.**

Having concluded that Philpot's complaint is not facially barred by the statute of limitations, the Court must determine whether Philpot's copyright infringement

---

[21] As explained herein, according to the Fifth Circuit, a limitations defense only warrants dismissal under Rule 12(b)(6) if "it is evident from the plaintiff's pleadings that the action is barred *and* the pleadings fail to raise some basis for tolling." *Jones*, 339 F.3d at 366 (emphasis added). The Court need not delve into whether the complaint raises a basis for tolling the statute of limitations because it is not evident from the face of the complaint that the action is time-barred.

[22] For the same reasons, the Court rejects NOTMC's argument that Philpot's claim for copyright management information removal is time-barred because Philpot does not allege the date on which he discovered the alleged removal. R. Doc. No. 8-1, at 7. The complaint alleges that Philpot did not discover the infringements until October 1, 2015. The reasonable inference, to be drawn in his favor, is that he also did not discover the removal of the metadata until that date.

claim must nonetheless be dismissed based on NOTMC's assertion that Philpot does not hold a valid copyright registration.[23] Under the Copyright Act, some form of registration is a prerequisite for filing a lawsuit in federal court. 17 U.S.C. § 411(c) (providing, with limited exceptions that are inapplicable here, that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title").

Philpot's complaint alleges that the photograph was registered as part of a collection on September 5, 2012, and he attached a copyright registration certificate with that date to his complaint.[24] The certificate refers to a work titled, "2009 Musician Photos."[25] NOTMC argues that the certificate is invalid. Relevant here, section 411 provides:

> (b)(1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless—
>
>> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>>
>> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

According to NOTMC, Philpot filed his copyright registration application for a collection of *unpublished* works.[26] NOTMC contends that the registration is,

---

[23] R. Doc. No. 8-1, at 8.
[24] R. Doc. No. 1, at 5; R. Doc. No. 1-2.
[25] R. Doc. No. 1-2, at 1.
[26] R. Doc. No. 8-1, at 10.

9

therefore, inaccurate because the photograph had already been published when Philpot filed his application, having posted it to Wikimedia for licensing under the Creative Commons license.[27] NOTMC argues that Philpot knew the application was inaccurate and that the inaccuracy, if known to the Register of Copyrights, would have caused it to deny Philpot's application.[28]

To state a claim for copyright infringement, a plaintiff must sufficiently allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Vallery v. Am. Girl, L.L.C.*, 697 F. App'x 821, 823 (5th Cir. 2017) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Philpot alleges in his complaint that he registered the photograph as part of the collection subject to the certificate at issue.[29] Accepting the facts in the complaint as true, the certificate of registration attached to the complaint encompasses the photograph. *See, e.g.*, *Smith v. Goodell*, No. 14-1010, 2015 WL 500893, at *2 (E.D. La. Feb. 5, 2015) (Brown, J.) (accepting as true the plaintiff's allegation that she had a valid copyright registration). Furthermore, "[a] certificate of registration, if timely

---

[27] *Id.* NOTMC states that the "u" in the registration number assigned to the copyrighted work on the certificate provided by Philpot indicates that the copyrighted work is unpublished. R. Doc. No. 8-1, at 10. Federal regulations distinguish between published and unpublished works for the purposes of registering multiple works as a single work. 37 C.F.R. § 202.3(b)(4)(i). NOTMC cites to the Compendium of U.S. Copyright Office Practices, which states that an applicant "cannot use [the published collection of works] option in [§ 202.3(b)(4)(i)] to register a number of published and unpublished works." U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 1106.1 (3d ed. 2017). Therefore, according to NOTMC, Philpot has not alleged facts sufficient to demonstrate that the registration is valid. *Id.* at 12.
[28] R. Doc. No. 8-1, at 11–12.
[29] R. Doc. No. 1, at 5.

obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); 17 U.S.C. § 410(c). Philpot's complaint is sufficient to overcome NOTMC's Rule 12(b)(6) challenge.

## IV.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED.**

New Orleans, Louisiana, January 9, 2019.

						     _____
						          **LANCE M. AFRICK**
						     **UNITED STATES DISTRICT JUDGE**